**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 14-03727 (EAG) |
| ARITEL, INC., and | CONSOLIDATED WITH 14-03729 (EAG) |
| CHENELIZ CONVENTION CENTER, INC. | CHAPTER 11 |
| DEBTORS. | FILED & ENTERED ON 09/23/2015 |

**OPINION AND ORDER**

The Puerto Rico Tourism Company filed proof of claim number 17 for unpaid room taxes owed by substantively consolidated debtor Cheneliz Convention Center, Inc. totaling $61,133.00. [Claims Register No. 17-1.] The Tourism Company is seeking priority status for the total amount claimed, which breakdowns into $41,024.00 for principal, $14,087.00 for interest, and $6,022.00 for surcharges. [Id.] The substantively consolidated debtors filed a limited objection arguing that the surcharges should not be entitled to priority status. [Dkt. No. 135.] The Tourism Company opposes the debtors' objection. [Dkt. No. 151.] For the reasons stated herein, the debtors' objection is granted and the court finds that the surcharges in proof of claim number 17 are not entitled to priority status.

**I. JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).[1]

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States

## II. PROCEDURAL BACKGROUND

On May 6, 2014, Aritel, Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. [Dkt. No. 1.] Also on May 6, 2014, Cheneliz Convention Center, Inc filed a voluntary petition for relief under chapter 11. [Bankr. Case 14-03729, Dkt. No. 1.] On June 27, 2014, the court entered an order substantively consolidating both cases. [Dkt. Nos. 6 & 28; Bankr. Case 14-03729, Dkt. Nos. 6 & 27.]

On July 3, 2014, the Tourism Company filed its proof of claim for the amount of $61,133.00 under the Puerto Rico Room Occupancy Rate Tax Act.[2] [Claims Register No. 17.] On February 26, 2015, the debtors filed their limited objection to the Tourism Company's claim. [Dkt. No. 135.] On April 8, 2015, the Tourism Company answered the objection. [Dkt. No. 151.] A hearing was scheduled for June 19, 2015. [Dkt. No. 177.] After hearing the parties' position, the court took the matter under advisement. [Dkt. No. 198.]

## IV. APPLICABLE LAW AND DISCUSSION

The debtors do not contest that the amounts owed in principal and interest, as per proof of claim number 17, are entitled to priority status under section 507(a)(8)(C). They only take issue with the surcharges. The Tourism Company first argues that the surcharges are entitled to priority under section 507(a)(8)(C) because interest and charges are part of a hotel operator's tax liability under the Puerto Rico Room Occupancy Rate Tax Act. [Dkt. No. 151, p. 7.] But, even if the court finds that the surcharges are not part of the tax liability, the Tourism Company argues that they are entitled to priority under section 507(a)(8)(G) because they are a penalty

District Court for the District of Puerto Rico.

[2/] PR Laws Ann. tit. 13, §§ 2271 et seq.

meant to compensate the government's pecuniary losses due to the hotelier's late payment. [Id.] The court does not agree.

The Tourism Company is charging interest under subsection 2272j(a) of the Puerto Rico Room Occupancy Rate Tax Act, which authorizes it to collect interest upon the principal amount of taxes owed by a hotelier at a ten percent annual rate, starting from the due date of the payment. P.R. Laws Ann. tit. 13, § 2272j(a). As for surcharges, subsection 2272j(b) of the Room Occupancy Rate Tax Act provides that the Tourism Company may, in every case where the imposition of interest applies and in addition to the interest, impose a charge equivalent to five percent of the principal for a payment delay of thirty days or less. P.R. Laws Ann. tit. 13, § 2272j(b). A ten percent charge may further be imposed, in addition to the already allowed five percent, when the delay in payment is in excess of thirty days. Id.

As for the Tourism's Company first argument, section 507(a)(8)(C) gives priority status to allowed unsecured claims by a governmental unit of trust fund taxes that consist of "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C. § 507(a)(8)(C). A tax falls within section 507(a)(8)(C) if the claim is held by a governmental unit, for a tax owed by a party other than the debtor, that must be collected or withheld from that party and transmitted to the governmental unit, and that the debtor must be liable for its payment in some capacity. 4 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶507.11[4] (16th ed. 2014). "[T]he tax at issue must be owed by a party other than the debtor and then collected or withheld by the debtor from the other party." Id. The United States Supreme Court has upheld a long line of cases that have held that statutory labels are not controlling and the court can determine for itself what is the nature of the obligation, whether

it is a tax or a penalty.  U.S. v. Reorganized CF & I Fabricators, 518 U.S. 213, 220-21 (1996).  The Supreme Court distinguished a tax from a penalty in that a tax "is an enforced contribution to provide for the support of government," while a penalty "is an exaction imposed by statute in punishment for an unlawful act'."  Id. at 224 (citing U.S. v. La Franca, 282 U.S. 568, 572 (1931)).

The Tourism Company's position is that the surcharges are entitled to section 507(a)(8)(C) priority given the language of the Room Occupancy Rate Tax Act .  But, the label placed on the obligation by statute is not dispositive of the issue, and the court must look at the operative function of the provision.  The surcharges are not owed by the hotel guests and are not collected or withheld by the debtors.  Rather, the surcharges only apply in the unlawful event of non-payment by the debtor-hotelier of the collected room taxes.  Since the surcharge is applied solely in response to an unlawful act, the court finds that it is a penalty not entitled to section 507(a)(8)(C) priority status.

But, penalties may be entitled to priority treatment under section 507(a)(8)(G), which gives priority status to an allowed unsecured claim by a governmental unit that is a penalty related to a claim of a kind specified in subsections (A) through (F) of section 507(a)(8), that is in compensation for actual pecuniary loss.  11 U.S.C. § 507(a)(8)(G).  The elements of section 507(a)(8)(G) are that (1) the penalty is related to a tax, (2) the penalty is imposed by statute for an unlawful act, and (3) the penalty must be in compensation for actual pecuniary loss.  4 Collier on Bankruptcy at ¶507.11[8][b].  Given that the Room Occupancy Rate Tax Act provides for the payment of interest, the court must decide whether the surcharges imposed by the Tourism Company in addition to interest, are a penalty in compensation for actual pecuniary loss.

4

Courts have generally found that penalties assessed in addition to interest should not be considered compensation and should not be entitled to priority. 4 Collier on Bankruptcy at ¶507.11[8][b]; see, e.g., In re New England Carpet Co., Inc., 26 B.R. 934, 936 (Bankr. D. Vt. 1983) ("[i]t is questionable that a compensatory role should be assigned to these penalties in light of the fact that interest is additionally charged."); In re Healis, 49 B.R. 939, 942 (Bankr. M.D. Pa. 1985) ("Inasmuch as the IRS has assessed interest and penalties against the debtors in this case, we can only presume without evidence to the contrary that those penalties are intended to be punitive in nature."); In re Hovan, Inc., 172 B.R. 974, 976 (Bankr. W.D. Wash. 1994) ("[T]he compensatory nature of a penalty must be demonstrated by the clear statutory language or in the legislative history").

The Tourism Company argues that the surcharges are meant to compensate the government for loss of use of funds. Even though the imposition of surcharges is discretionary, it argues that the interest and surcharges share similarities—such as being calculated on a percentage basis and not being statutorily differentiated—which makes them both equally meant to compensate the government for the loss of use of funds. The Tourism Company further argues that because the surcharges have the effect of increasing the amount of the interest owed by the hotelier, the surcharges are not solely punitive and serve as a way to compensate the government for the loss of use of funds. The Tourism Company's last argument is that the interest and surcharges are separate from the fixed penalties that may be assessed under the statute which are solely punitive in nature.[3]

---

[3] For example, sections 2272k and 2272l of the Room Occupancy Rate Tax Act provide for the imposition of a fixed penalty of $500.00 per infraction, up to a maximum of $25,000.00, for a hotel operator's failure to file income tax returns reporting the room taxes collected or for filing documents with false information to the Tourism Company. P.R. Laws Ann. tit. 13, §§ 2272k & 2272l.

5

The court is not persuaded that both interest and surcharges when imposed together are for compensation of pecuniary loss. The fact that they are not labeled differently or expressly differentiated in the statute is not dispositive. The Room Occupancy Rate Tax Act suggests that the surcharges are not compensatory, in part, because they are not mandatory whereas the interest is mandatory. The fact that the flat-percent charge increases when the delay in payment is in excess of thirty days, and in light of the fact that interest already applies, suggests that the charge is intended to compel timely payment or to punish the payment default and not to compensate for actual pecuniary loss. The fact that there are penalties in the statute not related to pecuniary loss does not per se make the charges related to pecuniary loss compensatory in nature   The Tourism Company has neither shown by clear statutory language nor legislative history of the Room Occupancy Rate Tax Act the compensatory nature of the surcharges. The interest charges are plainly meant to compensate the Tourism Company, but absent clear evidence to the contrary, the presumption is that the additional surcharges are punitive in nature.

### V. CONCLUSION

For the above mentioned reasons, this court finds that the surcharges in the amount of $6,022.00 in proof of claim number 17-1 by the Puerto Rico Tourism Company are not entitled to priority status under either section 507(a)(8)(C) or 507(a)(8)(G) of the Bankruptcy Code. As such, only the amount of $55,111.00 in proof of claim number 17-1 is entitled to priority status. The remaining amount of $6,022.00 is allowed as general unsecured.

In San Juan, Puerto Rico, this 23rd day of September, 2015.

Edward A. Godoy
U.S. Bankruptcy Judge